**NOT FOR PUBLICATION**

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>SEAN LAMBERT. | Criminal Action No. 18-0500 (MAS)<br><br>**MEMORANDUM OPINION** |

**SHIPP, District Judge**

This matter comes before the Court on Defendant Sean Lambert's ("Defendant") Motion for Reconsideration and Motion to Appoint Counsel. (ECF Nos. 43, 49.) Defendant also filed several "supplemental pleadings." (ECF Nos. 44, 47, 51.) The United States of America (the "Government") opposed the Motion for Reconsideration and one of the supplemental pleadings (ECF Nos. 48, 52), and Defendant did not reply. The Court has carefully considered the parties' submissions and decides the Motions without oral argument under Local Civil Rule 78.1, which applies to criminal cases under Local Criminal Rule 1.1. For the reasons below, the Court denies Defendant's Motions.

## I.   BACKGROUND

Defendant moves the Court to reconsider its Memorandum Order denying Defendant's Motion for Compassionate Release (the "Memorandum Order"). (*See generally* Mem. Order, ECF No. 42.) In denying Defendant's Motion, the Court found that Defendant's medical conditions did not appear to "place [Defendant] at significant medical risk[,]" specifically noting that Defendant's refusal to get the COVID-19 vaccine "militate[d] against a finding of extraordinary circumstances." (*Id.* at 1-2.) The Court additionally found that "[t]he 18 U.S.C. § 3553(a)

sentencing factors also weigh[ed] against a reduction in sentence" due to Defendant's "extensive criminal history and . . . history of non-compliance with supervision." (*Id.* at 2.)

Defendant now seeks reconsideration of this decision, providing new evidence[1] that was not available at the time of his Motion for Compassionate Release. (*See, e.g.*, Def.'s Mot. Recons. 1-2.) *First*, Defendant explains that he contracted COVID-19, and he was admitted to the hospital where he was put on a respirator for fifteen days. (*Id.*) He argues that the Court's conclusion that his medical conditions did not place him at significant medical risk is "absolutely contrary to" what he went through. (*Id.* at 2.) *Second*, Defendant argues that the Court erred when it stated that the facility where Defendant is located, Allenwood-Low FCI ("Allenwood"), "[h]as [b]een [l]argely [s]uccessful [i]n [i]ts [COVID]-19 [m]itigation [e]fforts." (*Id.* at 3; Mem. Order 2.) Defendant asserts that Allenwood has not be successful in combatting COVID-19, citing (1) inmate diagnoses and deaths, (2) staff not wearing personal protective equipment, and (3) flaws in COVID-19 reporting statistics.[2] (Def.'s Mot. Recons. 3-5.) Defendant also addresses the Court's concern that he had not received the COVID-19 vaccine (Mem. Order 2), and he asserts in his Motion for Reconsideration that he is scheduled to receive it shortly. (Def.'s Mot. Recons. 5.) *Third*, Defendant implores the Court that he has a "New Lease On Life" after his experience with COVID-19, and the Court should consider that he is changed when examining the § 3553(a) sentencing factors. (*Id.* at 7.)

---

[1] Defendant does not provide medical records or any other documents substantiating this new evidence. (*See generally* Def.'s Motion for Reconsideration ("Mot. Recons."), ECF No. 43.) For the purposes of this Motion, however, the Court accepts Defendant's new information as true. The Court also notes that the Government substantiated much of Defendant's new evidence. (*See, e.g.*, Gov't's Opp'n Br. 2-3, n.1, ECF No. 48.)

[2] In Defendant's two supplemental pleadings to the Motion for Reconsideration, he provides additional information regarding COVID-19 diagnoses, deaths, and statistics. (*See* ECF Nos. 44, 47.)

## II.   LEGAL STANDARD

Reconsideration under Local Civil Rule 7.1(i), which applies to criminal cases under Local Rule 1.1, is "an extraordinary remedy" that is rarely granted. *Interfaith Cmty. Org. v. Honeywell Int'l, Inc.*, 215 F. Supp. 2d 482, 507 (D.N.J. 2002) (citations omitted). It requires the moving party to set forth the factual matters or controlling legal authorities it believes the Court overlooked when rendering its decision. *See* Loc. Civ. Rule 7.1(i). To succeed on a motion for reconsideration, a movant must show at least one of the three factors: (1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion [at issue]; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Max's Seafood Cafe ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999) (citing *N. River Ins. Co. v. CIGNA Reins. Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)).

Significantly, a motion for reconsideration is not an opportunity to raise new matters or arguments that could have been raised before the court decided the original decision. *See Bowers v. NCAA*, 130 F. Supp. 2d 610, 612-13 (D.N.J. 2001). Nor is a motion for reconsideration an opportunity to "ask the court to rethink what it ha[s] already thought through." *Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507 (alteration in original) (quoting *Oritani Sav. & Loan Ass'n v. Fid. & Deposit Co.*, 744 F. Supp. 1311, 1314 (D.N.J. 1990)). "Rather, the rule permits a reconsideration only when 'dispositive factual matters or controlling decisions of law' were presented to the court but were overlooked." *Id.* (quoting *Khair v. Campbell Soup Co.*, 893 F. Supp. 316, 337 (D.N.J. 1995)).

## III.   DISCUSSION

In the Motion for Reconsideration, Defendant does not demonstrate any of the required standards for reconsideration: an intervening change in the relevant law, the availability of new

3

evidence not available at the time of the Memorandum Order, or a clear error of law or fact. *See Quinteros*, 176 F.3d at 677. Defendant does not attempt to argue that there has been any intervening change in law or clear error of law. Rather, Defendant seeks to add new evidence to the record that was not available at the time the Memorandum Order was written—namely, his COVID-19 diagnosis and related hospitalization, and updated COVID-19 statistics for Allenwood. (*See generally* Def.'s Mot. for Recons.)

Even if the Court were to consider Defendant's COVID-19 diagnosis and any increase in COVID-19 cases at Allenwood, these new facts are still insufficient to grant Defendant's Motion for Reconsideration. *First*, Defendant had COVID-19 and has fortunately recovered. (Def.'s Mot. Recons. 4-5; Gov't's Opp'n Br. 2-3, n.1.) *Second*, Defendant was offered and agreed to take the vaccine. (Def.'s Mot. Recons. 5.)[3] *Third*, Allenwood appears to have stabilized: It is currently reported at zero inmates positive for COVID-19, with 502 staff vaccinated and 2603 inmates vaccinated. Federal Bureau of Prisons, *BOP COVID-19 Statistics*, https://www.bop.gov/coronavirus/covid19_statistics.html# (last visited July 24, 2023).

Furthermore, when the Court originally issued its Memorandum Order, it already contemplated the possibility of Defendant contracting COVID-19. (Mem. Ord. 1-2 (recognizing that Defendant's refusal to get vaccinated increased his chances of contracting COVID-19 and acknowledging that Defendant's medical conditions may pose an increased risk if Defendant contracted COVID-19).) It is now well-settled in this Circuit that "the existence of some health risk to every federal prisoner as the result of [COVID-19] does not, without more, provide the sole

---

[3] Even if Defendant ultimately decides not to take the vaccine, "such a decision demonstrates that he has voluntarily foregone an opportunity for self-care offered by the [Bureau of Prisons]." *United States v. Welton*, No. 18-0487, 2021 WL 2210604, at *1 (D.N.J. June 1, 2021) (citing cases with the same result).

4

basis for granting release to each and every prisoner . . . ." *United States v. Roeder*, 807 F. App'x 157, 161 n.16 (3d Cir. 2020). Defendant's "new evidence" related to his own COVID-19 diagnosis as well as the COVID-19 statistics from Allenwood do not merit reconsideration of the Court's Memorandum Order.

Defendant's arguments that the Court should overlook the § 3553(a) sentencing factors due to his new outlook on life are equally unavailing. (Def.'s Mot. Recons. 7-8.) Defendant does not attempt to address any of the factors specifically, arguing only that his perspective on life has changed since contracting COVID-19. (*Id.*) While the Court can appreciate Defendant's new outlook, it is insufficient for reconsideration of its Memorandum Order. Defendant has not met the high burden to merit the "extraordinary remedy" of reconsideration. *See Interfaith Cmty. Org.*, 215 F. Supp. 2d at 507. The Court, thus, denies Defendant's Motion for Reconsideration.[4]

## IV.    CONCLUSION

For the foregoing reasons, the Court denies Defendant's Motion for Reconsideration and Motion to Appoint Counsel. An Order consistent with this Memorandum Opinion will follow.

_____
MICHAEL A. SHIPP
UNITED STATES DISTRICT JUDGE

---

[4] Defendant also moves for appointment of counsel to "properly, and professionally prepare [Defendant's] motion for compassionate release." (ECF No. 49.) The Court denies this Motion as moot having now denied Defendant's original Motion for Compassionate Release as well as the instant Motion for Reconsideration.